UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ALLSTATE INSURANCE COMPANY,

         Plaintiff,

  v.

MCCLUSKEY INSURANCE, LLC, KEITH CAMERON MCCLUSKEY, TERRY MAPLES, LUIS ABREGO, and SHANNA LONG.

         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Case No. 22-cv-00195-TSB

Judge: Timothy S. Black

Magistrate Judge: Stephanie K. Bowman

## AGREED PERMANENT INJUNCTION ORDER

Before the Court is the Parties' Agreed request for entry of an Agreed Permanent Injunction Order which will resolve Allstate Insurance Company's ("Allstate") Motion for Temporary Restraining Order and Preliminary Injunction [Dkt. 7]. Having considered this Motion and the Parties' agreement, and the Court being fully advised:

IT IS HEREBY ORDERED:

  1.  Defendants McCluskey Insurance, LLC, Keith Cameron McCluskey, Terry Maples, Luis Abrego, and Shanna Long (collectively "Defendants"), and their agents, representatives, associates, employees, and all those acting in concert or participation with them, are enjoined from using, possessing or having access to any Allstate confidential information in paper or electronic form and from disclosing Allstate confidential information to anyone not authorized to receive the information;

  2.  Allstate "confidential information" includes:

business plans of [Allstate]; information regarding the names, addresses, and ages of policyholders of [Allstate]; types of policies; amounts of insurance; premium amounts; the renewal dates of policies; policyholder listings and any policyholder

information subject to any privacy law; claim information; certain information and material identified by [Allstate] as confidential or information considered a trade secret as provided herein or by law; and any information concerning any matters affecting or relating to the pursuits of [Allstate] that is not otherwise lawfully available to the public.

3. To the extent that any of the Defendants are in possession of any Allstate confidential information, including Allstate customers' contact information, each Defendant shall, within three (3) business days of this Order, return that information, in whatever medium, to Allstate and affirm to Allstate in writing that all Allstate confidential information has been returned or destroyed, including a list of any information that was destroyed.

4. Until May 1, 2023, each Defendant, and their agents, representatives, associates, employees, and all those acting in concert or participation with them are enjoined from soliciting the purchase of products or services in competition with those sold by Allstate under the Defendants' Allstate Agreements:

   a. With respect to any person, company, or organization who purchased products from and/or was serviced by McCluskey Insurance LLC's Allstate Exclusive Agency and who was a customer of Allstate as of January 1, 2022;

   b. With respect to any person, company or organization who Defendants knew about or worked with because of their access to Allstate confidential information or affiliation with Allstate, regardless of whether that Allstate customer was a customer of Allstate McCluskey Insurance LLC's Allstate Exclusive Agency, and who was a customer of Allstate as of January 1, 2022.

5. Until May 1, 2023, each Defendant, as well as anyone acting on their behalf or in concert with them, including anyone acting on behalf of McCluskey Insurance Services LLC, agrees to incorporate in their solicitation of a potential customer a question as to whether that customer is a current or former customer of McCluskey Insurance LLC's Allstate Exclusive Agency or a current or former customer of another local Allstate agency. In the event that a solicitation occurs inadvertently and the customer is not known to be a current or former customer of McCluskey Insurance LLC's Allstate Exclusive Agency or a current or former Allstate

2

customer with which a Defendant worked at another Allstate Exclusive Agency but that information is revealed during the discussion or interaction, Defendants agree not to work with that customer during the restricted period and such inadvertent interactions will not be considered a solicitation or violation of this Order.

6. Until March 1, 2023, each Defendant, and their agents, representatives, associates, and employees, including McCluskey Insurance Services LLC and anyone acting on its behalf, is enjoined from soliciting, servicing or selling insurance products that compete with Allstate from any location within one mile of their former Allstate location, 9673 Kings Auto Mall Rd. Cincinnati, Ohio 45249.

7. Nothing in this Order prevents Defendants, or their agents, representatives, associates, and employees, including McCluskey Insurance Services LLC and anyone acting on its behalf, from soliciting, servicing or selling insurance products that compete with Allstate to customers who are physically located within one mile of Defendants' former Allstate location through virtual means, including but not limited to video or telephone conference, so long as Defendants and their agents, representatives, associates, and employees, including McCluskey Insurance Services LLC and anyone acting on its behalf, otherwise comply with Paragraphs 4 and 5 of this Order.

IT IS FURTHER ORDERED:

8. Plaintiff's pending Emergency Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. 7) is DENIED AS MOOT.

9. This Court will retain jurisdiction over any alleged violations of this Order.

IT IS SO ORDERED.

                                                    DATED this _23_ day of __May____, 2022.

                                                    _____*s/Timothy S. Black*_____
                                                    Honorable Judge Timothy S. Black
                                                    United States District Judge